## Fulleam v. The City of Muscatine.

1. **Damages**: DIVERSION OF WATER-COURSE: LIABLITY OF CITY. The pleadings, the proofs and the instructions in this case, are substantialy the same as in *Hoehl v. The City of Muscatine, ante*, p. 444. Following the decision in that case, the judgment of the court below must be reversed.

*Appeal from Muscatine Circuit Court.*

### THURSDAY, DECEMBER 15.

ACTION to recover damages resulting from injuries to a house owned by plaintiff, caused by the obstruction of a water-course by defendant, whereby the stream was diverted from its natural channel and caused to flow against plaintiff's property. There was a verdict and judgment for plaintiff. Defendant appeals.

*J. S. Richman, Brannan & Jayne*, for appellant.

*J. Carskadden* and *Cloud & Cloud*, for appellee.

BECK, J.—I. The petition alleges that plaintiff is the owner of a brick house fronting on Second street, City of Muscatine, and that defendant, after the erection of plaintiff's building, unlawfully and negligently diverted and obstructed Pappoose Creek, which runs through the city near the house of plaintiff, so that the water was made to flow against it, breaking down the walls and otherwise injuring it. It is alleged that the injury occurred on August 14th, 1878.

*1. DAMAGES: diversion of water course: liability of city.*

The answer of the defendant denies the allegations of the petition. It also alleges that plaintiff contributed to the injury by the negligent construction of the house which was erected in or so near the bed of the creek that the foundation obstructed the natural channel and flow of the stream, causing the water to wash against the part of the building alleged to have been injured; that it was insufficient in material and construc-

tion and was below the grade of the streets established by the city, and that plaintiff could have protected it from the water by a moderate outlay, but neglected to do so. It is further alleged that Pappoose Creek flows through the city and upon its borders many buildings are erected and embankments constructed, and that at the time the injury complained of by plaintiff occured, large quantities of timber, lumber and wood drifted from property adjacent to the stream, which "choked up" the creek, thereby causing the injury to plaintiff's property. The defendant further alleges that the work done by it along the creek was necessary to protect the public interest, and that in the planning and execution thereof the city employed skillful engineers and workmen, and that the work was executed in a skillful manner. The statute of limitations is also interposed as a defense, the answer alleging that the diversion of the stream complained of was done more than five years before this suit was commenced, and that the work along the creek alleged by plaintiff to be the cause of the diversion of the water was done more than ten years ago, before the injury occurred which is complained of by plaintiff, and more than ten years before the suit was brought.

II. It will be observed that the pleadings in the case present substantially the same issues that arose in the case of *Hoehl v. The City of Muscatine*, decided at the present term of this court. The evidence shows that the injuries sustained by plaintiff were caused by the same flood in the same creek which injured the property of plaintiff in the case just named. Indeed the cases present about the same state of facts relating to the respective injuries complained of and the liability of the defendant therefor, and the right of plaintiffs to recover in these actions against the city. The Circuit Court in this action gave instructions to the jury substantially the same as the instructions discussed in the opinion in the other case and designated as numbers 1, 2, 3, and 7, and also gave instructions recognizing the doctrines applicable to riparian owners which

correspond with other instructions referred to in that opinion. The same questions arising upon the instructions were decided in the case. Following our decision in that case the judgment of the court below must be reversed.

It will of course be understood that other points of our opinion in the former case, so far as they are applicable to this case, are approved and followed.

REVERSED.